UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

CHELLE CONSTRUCTION, INC.,[1]

Case No.
Chapter 11

Debtor.
_____/

## CHAPTER 11 CASE MANAGEMENT SUMMARY

In compliance with Local Rule 2081-1(B), the Debtor-in-Possession, Chelle Construction, Inc. (the "Debtor" or the "Company"), files this Chapter 11 Case Management Summary and states:

The following data represents approximations for background information only and the information may represent the Debtor's best estimate in response to some of the ensuing questions:

1. Date of Order for Relief under Chapter 11:

   **The Debtor filed a Voluntary Chapter 11 Petition in the United States Bankruptcy Court for the Southern District of Florida on August 4, 2011 (the "Petition Date").**

2. Names, case numbers and dates of filing of related debtors:

   **Lehman Southland, LLC, Case No. 11-31905-LMI filed on August 4, 2011.**

3. Description of Debtor's business:

   **The Debtor is one of South Florida's premier self-performing general contractors and structural subcontractor. The Debtor has been in business for more than 10 years and has built more than $100 million of residential, industrial, commercial and governmental projects. The Debtor's specialty has been the construction of the "shell" of a building. For a more detailed description of the Debtor, its operations, and its assets and liabilities, the Debtor respectfully refers the Court and parties-in-interest to the *Declaration of Scott D. Lehman in Support of First Day Pleadings* (the "First Day Declaration") filed on the Petition Date.**

---

[1] The last four digits of the taxpayer identification number for the Debtor are 6928, and the Debtor's mailing address is 19151 SW 108 Avenue, Bay #23, Miami, FL 33157.

3730727-2

4. Locations of debtor's operations and whether the business premises are leased or owned:

**19151 SW 108th Avenue, Bay #23
Miami, FL 33157**

**The premises are leased.**

5. Reasons for filing Chapter 11:

**As the market began its rapid decent over the past few years, it took a toll on the construction industry, affecting the Debtor and its ongoing business. The Debtor took on government projects for which it was ill equipped to compete for. These government projects drained the company of resources and made it increasingly difficult for the company to perform.**

**Additionally, the company's working line of credit matured. As further explained in the First Day Declaration and Motion for Cash Collateral, negotiations with TD Bank broke down and TD Bank exercised its alleged right of set-off and seized approximately $400,000 from the Debtor's bank account. This proved to be too much for the company to overcome. As its accounts were being garnished and its ability to effectively perform for its clients was impaired.**

**In an effort to reorganize the business for the benefit of all constituents, the Debtor commenced this Chapter 11 case.**

6. List of officers and directors, if applicable, and their salaries and benefits at the time of filing and during the 1 year prior to filing:

| Name | Title | Actual Annual Salary Received | Deferred Compensation | Benefits as of Petition Date and during 1 year prior |
|---|---|---|---|---|
| Richard Lehman | President | $22,142.61 | $0.00 | Health/Dental Insurance |
| Scott D. Lehman | Vice-President | $21,393.83 | $0.00 | Health/Dental Insurance |
| Eduardo Moreno | Vice-President | $16,822.71 | $0.00 | Health/Dental Insurance |

2

3730727-2

7. Debtor's fiscal or calendar year to date gross income and the debtor's gross income for the calendar or fiscal year prior to the filing of this petition:

   **2011 Gross Income Year to Date: $5,134,561.00**

   **2010 Gross Income: $8,788,345.00**

8. Amounts owed to various creditors:

   a. Obligations owed to priority creditors including priority tax obligations:

   **$17,377.54 - Wages**

   b. With respect to creditors holding secured claims, the name of and amounts owed to such creditors and a description and estimated value of all collateral of the debtor securing their claims:

| Secured Creditor | Amount Owed | Description of Collateral | Estimated Value of Collateral |
|---|---|---|---|
| First Sealord Surety, Inc. | $368,775.64 | Blanket lien | $0.00 |
| Isuzu Finance of America | $9,399.11 | 2006 Isuzu Flatbed Truck | $9,000.00 |
| TD Bank, N.A. | $441,833.30 | Blanket lien | $1,944,102.00 |
| TD Equipment Finance, Inc. | $192,450.00 | Concrete forming equipment | $100,000.00 |

   c. Amount of unsecured claims: **$2,287,166.91**

9. General description and approximate value of the Debtors' assets:

   **Cash, accounts receivables and other receivables, inventory, prepaid expenses, security deposits, machinery & equipment, income tax refund.**

10. Number of employees and amount of wages owed as of the petition date:

    **Chelle Construction currently has 11 full-time employees (10 salaried employees and 1 hourly employee).**

    **Amount of wages owed as of the Petition Date: $17,377.54.**

3

3730727-2

11. Status of Debtor's payroll and sales tax obligations, if applicable. This does not eliminate the obligation of chapter 11 debtors (other than individuals not engaged in business) to provide the more detailed payroll tax information required by Local Rule 2081-1(A):

    **The Debtor owes payroll tax obligations to the IRS in the amount of $13,371.86**

    **The Debtor owes sales tax obligations in the amount of $0.00.**

12. Anticipated emergency relief to be requested within 14 days from the petition date:

    **See attached Exhibit "A"**

Dated: August 4, 2011.

_____
Scott D. Lehman, Vice-President

## Exhibit "A"

a) Application for Order Authorizing Employment of Berger Singerman, P.A. as Counsel To The Debtor *Nunc Pro Tunc* to Petition Date;

b) Emergency Motion for Authority To Pay Prepetition Wages, Compensation And Employee Benefits Pursuant To Sections 105(a) And 363(b) Of The Bankruptcy Code;

c) Motion for authority to use Cash Collateral; and

d) Motion to Authorize Continuation of all insurance policies and agreements relating thereto.

3730727-2